ACCEPTED
06-14-00223-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
7/7/2015 2:13:05 PM
DEBBIE AUTREY
CLERK

NO. 06-14-00223-CR

IN THE TEXAS

COURT OF APPEALS

v.

FOR THE

SIXTH APPELLATE DISTRICT OF TEXAS

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

7/7/2015 2:13:05 PM

DEBBIE AUTREY
Clerk

# DALE DEWAYNE FISHER

**Appellant,**

**v.**

# THE STATE OF TEXAS

**Appellee**

**Appealed from the 115th District Court of
Upshur County, Texas
Trial Cause No. 16,741**

### APPELLEE'S REPLY

Natalie A. Miller
State Bar No. 24079007
405 N. Titus
Gilmer, TX 75644
Telephone: 903-843-5513
Fax: 903-843-3661

ATTORNEY FOR APPELLEE
STATE OF TEXAS

**ORAL ARGUMENT IS NOT REQUESTED.**

## IDENTITY OF PARTIES AND COUNSEL

Appellee certifies that the following is a complete list of all parties to the trial court's judgment and the names and addresses of their trial and appellate counsel.

| | |
|---|---|
| Presiding Judge: | The Honorable Lauren Parish<br>District Judge<br>115th Judicial District<br>Gilmer, Texas 75644 |
| Appellant: | Dale Dewayne Fisher, Appellant<br>TDC #1972882<br>Coffield Unit<br>2661 FM 2054<br>Tennessee Colony, TX 75884 |
| Appellant's Attorney:<br>(at Trial) | Craig Bass<br>P.O. Box 428<br>Longview, TX 75606-0428 |
| Appellant's Counsel:<br>(on Appeal) | Tim Cone<br>Attorney at Law<br>P.O. Box 413<br>Gilmer, TX 75644 |
| Attorney for the State (at trial): | Billy W. Byrd<br>Criminal District Attorney<br>405 N. Titus Street<br>Gilmer, TX 75644 |
| Attorney for the State:<br>(on Appeal) | Natalie A. Miller<br>Assistant Criminal District Attorney<br>Upshur County<br>405 N. Titus Street<br>Gilmer, TX 75644 |

# TABLE OF CONTENTS

Identity of Parties and Counsel..................................................................................ii

**Table of Contents...................................................................................................iii**

**Index of Authorities.............................................................................................iv**

Statement of the Case ............................................................................................. 1

**Issue Presented..................................................................................................... 1**

**POINT OF ERROR NUMBER ONE:** The trial court erred in denying Appellant's Motion to Suppress …………………………………………………………..1-2

**Statement of Facts ................................................................................................ 1**

**Summary of the Argument ................................................................................. 3**

**Argument**

**I.     Based Upon Officer Testimony, the Trial Court had Discretion to Deny Appellant's Motion to Suppress...……………………………………………………………4**

Conclusion ............................................................................................................... 7

Prayer ....................................................................................................................... 7

Certificate of Service ............................................................................................... 8

**Certificate of Compliance…………………………………………………..8**

# INDEX OF AUTHORITIES

**Supreme Court Cases**

Rodriguez v. U.S., 575 U. S. ___, 135 S. Ct. 1609 (2015) ................................................. 6

**U.S. Constitution**

Amend. IV ........................................................................................................................ 4

Amend. XIV ..................................................................................................................... 4

**Texas Cases**

*Ford v. State*, 158 S.W.3d 488 (Tex. Crim. App. 2005) ................................................. 5,6

*Gonzalez v. State*, 195 S.W.3d 114 (Tex. Crim. App. 2006) ............................................. 4

*Ivie v. State*, 407 S.W.3d 305, 310 (Tex. App.—Eastland 2013, pet ref'd) ....................... 5

*Kothe v. State*, 152 S.W.3d 54 (Tex. Crim. App. 2004) ..................................................... 5

*Love v. State*, 252 S.W.3d 684 (Tex. App.—Texarkana, 2008, pet. ref'd) ........................ 4

**Texas Statutes**

Tex. Trans. Code

§547.322 ........................................................................................................................... 5

## STATEMENT OF THE CASE

The State does not object to the Appellant's statement of the case.

## ISSUES PRESENTED

Appellant raises the following point as an issue in his brief:

1. The trial court erred in denying Appellant's Motion to Suppress.

## STATEMENT OF FACTS

The State is generally satisfied with the Appellant's statement of facts, but makes the following additions. On December 30, 2013, Deputy David Thompson (hereinafter Deputy Thompson) pulled over Appellant and his passenger Bradley Leroy Thompson. Deputy Thompson testified that on the night of December 30, 2013, he was patrolling Highway 259 in Upshur County, Texas due to the fact that an armed robbery had happened a few nights before in that area. 2 R.R. 10. Deputy Thompson, while on patrol, noticed that Appellant's license plate was not illuminated, and signaled for the Appellant to pull over for the traffic violation. 2 R.R. 11-12. However, while Deputy Thompson testified that his lights were illuminated, Appellant was slow to pull his vehicle over. In fact, Appellant passed several opportune and well-lit places to pull his vehicle over at such as a school, convenience store and a gas station. 2 R.R. 15-17. Finally, Appellant stopped his vehicle in what Deputy Thompson described as a "dark" area. 2 R.R. 17. Deputy Thompson then made contact with Appellant, and asked for Appellant's driver's license. Appellant did not have his license readily available, but asked if he could get out of his vehicle and look for his license in his clothing. 2 R.R. 19-

1

20. While Appellant looked for his license, the passenger—Bradley Leroy Thompson— gave his identification card to Deputy Thompson. Ultimately, the Appellant could not produce his license for Deputy Thompson, and verbally identified himself through name and date of birth. 2 R.R. 23. Deputy Thompson then ran the identification of Bradley Thompson and the Appellant through TLETs. Deputy Thompson testified that both Appellant and his passenger were "clear" [of outstanding warrants] but both "had a lengthy history of narcotics and other offenses." 2 R.R. 23. Next, Deputy Thompson testified about the cold and windy weather the night he stopped Appellant. 2 R.R. 24. Deputy Thompson indicated that after he ran Appellant and Bradley Thompson's identification, he returned to Appellant's vehicle, had the Appellant exit the vehicle and Appellant began sweating heavily despite the wintery weather. 2 R.R. 26. Deputy Thompson described Appellant as "drenching with water" and found this behavior suspicious. 2 R.R. 27. Deputy Thompson then began asking where Appellant was coming from, what time he had left, and where they were going. Deputy Thompson testified that while speaking with Appellant, he noticed an odor of marijuana. 2 R.R. 29. Deputy Thompson indicated that when he first made contact with Appellant he did not smell marijuana, because the encounter was brief. It was not until he asked Appellant to step out of the car after he had run Appellant's identification that Deputy Thompson noticed Appellant begin to sweat profusely in the cold temperatures and smelled of marijuana. Deputy Thompson then asked Appellant if he had anything illegal in the vehicle and ultimately asked the Appellant for consent to search. Prior to performing a

2

K-9 free-air search, Deputy Thompson asked Bradley Thompson where they were coming from and when they had left. Thompson provided Deputy Thompson a different answer than the one provided by Appellant. 2 R.R. 31-32. Ultimately, Chiva, Deputy Thompson's drug dog alerted and narcotics were found in the vehicle. Notably, Deputy Thompson testified that at no time after he had run Appellant and Bradley Thompson's identification had the traffic stop ended. *See* 2 R.R. 26; *see also* 2 R.R. 34-35.

## SUMMARY OF THE ARGUMENTS

### A. Point of Error One

During the traffic stop, reasonable suspicion arose to Deputy Thompson that the Appellant had or was about to engage in criminal activity. The totality of the circumstances all created reasonable suspicion that warranted Appellant's prolonged detention by Deputy Thompson. For instance, the totality of (1) Appellant's delay and decision to pullover in a dark area coupled with the fact that (2) Appellant was traveling at night on a known drug corridor in addition to (3) Appellant's inability to produce a valid driver's license or identification card as well as (4) Appellant's criminal history involving narcotics and finally (5) Deputy Thompson's further investigation of an unsolved armed robbery of the area all created enough reasonable suspicion to extend the traffic stop. For these reasons, the trial court had reason to deny Appellant's motion to suppress.

3

## ARGUMENT AND AUTHORITIES

**I.     Based Upon Officer Testimony, the Trial Court had Discretion to Deny Appellant's Motion to Suppress**

### A. Standard of Review

The trial court was well within its discretion to deny Appellant's motion to suppress. Nevertheless, an appellate court reviews "the trial court's decision on a motion to suppress evidence by applying a bifurcated standard of reviewing deferring to the trial court's determination of historical facts that depend on credibility, but review de novo the trial court's application of the law." *Love v. State*, 252 S.W.3d 684, 687 (Tex. App.—Texarkana, 2008, pet. ref'd). Moreover, the trial court's ruling "will be upheld on appeal if it is correct on any theory of law that finds support in the record." *Id.; see also Gonzalez v. State*, 195 S.W.3d 114, 126 (Tex. Crim. App. 2006). Finally, the appellate court reviews "de novo determinations of probable cause after granting deference to the trial court's determination of historical facts." *Love*, 252 S.W.3d at 687.

### B. Warrantless Searches & Seizure

Applied to the States through the Fourteenth Amendment, "the Fourth Amendment protects against unreasonable searches and seizures." U.S. Const. Amend IV; *see also id.* Furthermore, "an investigative detention during the course of a traffic stop in which the subject is not free to leave is a seizure for purposes of the *Fourth Amendment*, and the appellate court must analyze the stop under the reasonableness standard." *Love*, 252 S.W.3d at 687. When a court considers whether or not a detention was reasonable, "the general rule is that an investigative stop can last no longer than

4

necessary to effect the purpose of the stop." *Kothe v. State*, 152 S.W.3d 54, 63 (Tex. Crim. App. 2004). Yet, on a traffic stop, an officer may investigate into the underlying reason for the stop as well as "a routine check of the driver's license and information." *Id.* at 65. During the stop, an officer "may reasonably demand identification, a valid driver's license, and proof of insurance from the driver, and check for outstanding warrants." *Id.* at 63-64.

Next, as applicable to the instant case, "to validly prolong a detention beyond the reason for the stop, officers must have reasonable suspicion to believe the person is violating the law, but no additional justification is necessary for a canine sniff that occurs during a lawful traffic stop." *Ivie v. State*, 407 S.W.3d 305, 310 (Tex. App.—Eastland 2013, pet ref'd). For example,

> reasonable suspicions exists if the officer has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that a particular person actually is, has been, or soon will be engaged in criminal activity. This is an objective standard that disregards any subjective intent of the officer making the stop and looks solely to whether an objective basis for the stop exists. A reasonable-suspicion determination is made by considering the totality of the circumstances.

*Ford v. State*, 158 S.W.3d 488, at 492-93 (Tex. Crim. App. 2005).

Looking to the case at bar, Appellant's nonfunctioning license plate light was a violation of the Texas Transportation Code—an infraction he admitted had occurred. *See Texas Trans. Code* § 547.322. When Deputy Thompson pulled over the Appellant for his defective license plate light, he had probable cause to stop Appellant and his passenger. However, after Deputy Thompson completed the stop pertaining to the traffic

5

violation, he needed "reasonable suspicion"—in particular "articulable facts" combined with "rational inferences" that led Deputy Thompson to believe that Appellant "is, has been, or soon to be engaged in criminal activity." *See Ford*, 158 S.W.3 at 492-93.

Looking to the totality of the circumstances, Deputy Thompson had reasonable suspicion to extend Appellant's detention beyond the initial reason for the traffic violation. First, after Deputy Thompson activated his lights to pull over the Appellant, Appellant was slow to pull the car over. In fact, Deputy Thompson testified during the motion to suppress hearing that the Appellant passed a well-lit area and chose to pull his vehicle over in a dark place. *See* 2 R.R. 15-17. As well, Deputy Thompson indicated that when he pulled over the Appellant he was also in the process of investigating an armed robbery that had happened a few days previously. Furthermore, Deputy Thompson indicated that Appellant was pulled over on highway 259, a known drug thoroughfare among law enforcement. When Deputy Thompson finally made contact with Appellant, Appellant could not produce a valid driver's license and had to verbally identify himself by name and date of birth. Deputy Thompson's inquiry into Appellant's identity revealed that Appellant had a criminal history involving narcotics, but no active warrants. Based upon these facts and circumstances collectively, Deputy Thompson had reasonable suspicion to believe that Appellant had, was, or was about to engage in criminal activity. Because Deputy Thompson had articulable reasonable suspicion regarding potential further criminal activity by the Appellant, the prolonged detention involving the free-air search was warranted. *See Rodriquez v. U.S.*, 575 U. S. ___, 135 S.

6

Ct. 1609, *1616 (2015).  This testimony—contained within the record and heard by the trial court—supports the trial court's decision to deny Appellant's motion to suppress.

## CONCLUSION

The trial court had discretion to deny Appellant's motion to suppress.  During Deputy Thompson's traffic stop involving the Appellant, Deputy Thompson developed enough reasonable suspicion that the Appellant had, was, or was about to commit a criminal offense.  Thus, Deputy Thompson had reason to prolong the traffic stop and ultimately it was constitutional to allow the drug dog to run a free-air search that yielded contraband.

## PRAYER

Wherefore, premises considered, the State prays that Appellant's relief be denied and that the case be affirmed in all things.

Respectfully Submitted,
Upshur Co. Assistant District Attorney
Natalie A. Miller
405 N. Titus
Gilmer, TX 75644
Tel:  (903) 843-5513
Fax:  (903) 843-3661


BY:  /s/ *Natalie A. Miller*
　　　Natalie A. Miller
　　　SBOT:  24079007

7

## CERTIFICATE OF SERVICE

A true and correct copy of the foregoing document has been delivered to Tim Cone, on this the 7th day of July, 2015.

/s/ *Natalie A. Miller*
Natalie A. Miller

## CERTIFICATE OF COMPLAINCE

Appellee's Reply Brief contains 2,148 words.

/s/ *Natalie A. Miller*
Natalie A. Miller